**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-254 |
| | § | |
| EVELYN MOKUAH | § | |

**ORDER**

Pending before the Court is defendant's *pro se* letter motion requesting compassionate release (Docket Entry No. 167). Defendant asks the Court to grant her a sentence reduction or a transfer to home confinement so she can take care of her ailing husband. She states that he was diagnosed with early onset Alzheimer's disease during her trial in 2019 and has progressively worsened following her conviction and imprisonment. She further states that her older adult son has autism and cannot take care of his father, and that her two other adult children are completing their college educations. Defendant cannot afford a private caregiver, and alleges that she is the only person available to provide care for her husband. Her administrative compassionate release requests were denied and she has met her exhaustion requirements.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction." *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020). The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden to establish that circumstances exist under which she is eligible for a sentence reduction under section 3582(c)(1)(A)(i).

The Sentencing Commission's policy statement regarding compassionate release sets forth two situations under "Family Circumstances" constituting extraordinary and compelling reasons for

statutory relief: (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children, or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. *See* U.S.S.G. § 1B1.13, app. n.1. Defendant's letter motion clearly shows that she would not be the only available caregiver for her husband, as her two adult children can provide caregiving for their father. Indeed, the PSR in this case (Docket Entry No. 121) indicates that one of the adult children is a nursing student, and defendant states in her letter motion that the adult child has provided care for her father.

Although defendant complains that taking care of their father disrupts the adult children's college studies, this constitutes an issue of inconvenience, not unavailability. It is not the intent of the compassionate release provisions to eradicate all hardships or inconveniences caused by imprisonment. Defendant has not met her burden to establish the existence of circumstances under which she is eligible for relief.

Even assuming the Court were not bound by these Sentencing Commission guidelines, defendant does not present extraordinary and compelling reasons for reducing her sentence or granting home confinement. Defendant's letter motion shows that there are other family members who can provide care for her husband. That taking care of their invalid father may disrupt the adult children's college studies or lifestyle does not constitute an extraordinary and compelling reason for this Court to grant defendant a sentence reduction or home confinement.[1]

---

[1] Because defendant establishes no extraordinary and compelling reasons for relief, the Court does not reach any additional considerations under 18 U.S.C. § 3553(a).

Defendant's motion for compassionate release (Docket Entry No. 167) is DENIED.

Signed at Houston, Texas on June 1, 2020.

_____
Gray H. Miller
Senior United States District Judge