United States District Court
Southern District of Texas
**ENTERED**
January 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-16-254 |
| | § | |
| EVELYN MOKWUAH | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Evelyn Mokwuah's second *pro se* motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 175.) The Government filed a response in opposition. (Docket Entry No. 179.)

Having considered the motion, the response, the exhibits, the record, matters of public record, and the applicable law, the Court DISMISSES the motion for the reasons set forth below.

### *Background and Claims*

Defendant is a 57-year-old female prisoner currently confined at the Bureau of Prisons ("BOP") FPC Bryan in Bryan, Texas. A jury found Defendant guilty on five counts of conspiracy to commit healthcare fraud and substantive healthcare fraud. The Court sentenced her on April 4, 2019, to a total of 120 months' imprisonment and a three-year term of supervised release. Defendant was ordered to pay restitution to Medicare in an amount over $20.4 million dollars.

The BOP currently reports Defendant's anticipated release date as November 28, 2027. Defendant has served less than one-third of the sentence imposed by this Court.

Defendant's pending motion is two-fold: she re-urges claims denied earlier by the Court, and adds new claims based on her own medical condition. In her earlier first motion for a compassionate release, Defendant argued that her husband's Alzheimer's disease was worsening, and that she needed to be home to take care of him and their autistic adult son. Defendant stated that her other adult son and daughter were completing their college educations and could not take care of their father and brother. She further stated the family could not afford to hire outside caregivers. The Court denied relief because other family members were available to provide care despite the personal inconvenience it might cause them. Defendant's letter-motion provided no evidence substantiating her claims, and the Court found that no extraordinary and compelling reasons for granting relief were shown.

Here, Defendant claims anew that she is the only available caregiver for her husband and son. She also presents new claims for a compassionate release based on her own medical conditions of hypertension, obesity, diabetes, and sarcoidosis. The Government has submitted medical records and other exhibits showing that Defendant did not exhaust her new claims for relief, and that no extraordinary and compelling reasons for relief are shown.

## *Legal Standards*

Defendant brings this motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his

or her administrative rights. 18 U.S.C. § 3582(c)(1)(A). Compassionate release provisions under section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The United States Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. However, the Sentencing Commission's compassionate release policy statement does not bind federal district courts in considering motions brought by prisoners under 18 U.S.C. § 3582(C)(1)(A). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. April 7, 2021). Accordingly, the district courts are free to determine whether a defendant's particular medical condition or other situation constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a section 3582(c)(1)(A) motion has the burden to establish that relief is warranted in his or her case.

The courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The courts must base decisions on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the

offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" warranting a sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

*Exhaustion*

The Government argues that Defendant did not fully exhaust her administrative remedies prior to filing this second motion. (Docket Entry No. 179, pp. 9–11.) In support, it points out that Defendant's administrative request for a compassionate release, filed over two years ago in October 2019, sought relief premised only on her status as the "only available caregiver" for her husband and son. The BOP denied her request, stating that, according to Defendant's PSR,

> the couple has two additional adult children currently in college and she has two siblings residing in the United States.
>
> There is no information provided by the offender that she is the only available caregiver for her husband and son. As such, she does not meet the criteria and is ineligible for Reduction in Sentence.

(Docket Entry No. 175-1, p. 40.)

4

Defendant raised no other grounds for relief in her administrative request, and the request was made prior to, and without reference to, the COVID-19 pandemic itself. Thus, she has not exhausted her current request for a compassionate release based on her own medical conditions and COVID-19 vulnerability. *See United States v. Rodriguez*, C.A. 2:18-cr-454-5, 2021 WL 2635381, at *5 (S.D. Tex. June 25, 2021) (concluding that the defendant had not exhausted her administrative remedies as to grounds for compassionate release not raised in her application to the warden).

Thus, Defendant's claims for a compassionate relief premised on her being the only available caregiver for her husband and son were denied by the BOP and by this Court. Her new claims for relief premised on her own medical conditions and COVID-19 vulnerability have not been exhausted and will be dismissed without prejudice. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that exhaustion through the BOP before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule).

### *Extraordinary and Compelling Reasons*

*Defendant's Medical Conditions*

Even assuming Defendant had exhausted her new claims, she would not merit relief. The Court has carefully reviewed Defendant's medical records submitted by the Government, and notes that her hypertension, obesity, and diabetes were reported in her 2019 PSR and that her sarcoidosis was reported as "not active." (Docket Entry No. 121, ¶¶ 80–81.) The medical records further show that her hypertension and diabetes are being controlled with

medication through BOP medical staff at her facility, and that the sarcoidosis is not a current medical issue. (Docket Entry No. 179-3, pp. 2–212.) Her BMI was reported as 40.5, for which diet and exercise were advised. *Id.*, p. 3.

Defendant does not show that her current medical conditions have elevated her risk for death or serious injury should she contract COVID-19, or that her ability for self-care has been impaired. To the contrary, Defendant's records show that she tested positive for COVID-19 in December 2020. She was quarantined, remained asymptomatic, and was released from isolation after ten days. (Docket Entry No. 179, Exhibit C, pp. 76, 122.) Defendant also received three doses of the Pfizer COVID-19 vaccine in January, March, and April of 2021. (Docket Entry No. 179-3, p. 125.) *See United States v. Duggins*, 2021 WL 5449642, *4 n.2 (S.D. Tex. Nov. 22, 2021) ("Recent decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release.").

Nor does Defendant demonstrate an increased risk of serious illness or death from COVID-19 due to her confinement at FPC Bryan. Although defendant expresses legitimate and common concerns regarding COVID-19 and its variants, she does not establish that her facility cannot manage an outbreak or that the facility could not treat her if she were to contract the virus. The Fifth Circuit Court of Appeals has held that fear of COVID-19, standing alone, does not warrant a compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021).

Defendant's current medical conditions would not constitute extraordinary and compelling reasons for granting her a compassionate release.

*Sentencing*

Moreover, the sentencing factors in Defendant's case weigh strongly against a compassionate release.

Through her ownership and management of two home healthcare agencies over a span of eight years, Defendant misappropriated over $20.4 million dollars of Medicare dollars. Defendant used her position of trust as a registered nurse and Medicare provider to defraud Medicare for payment of home healthcare services that were not medically necessary and/or not provided. For instance, when patients' primary care doctors did not approve them for home healthcare services, Defendant and her employees altered the medical forms to list the doctors that they had hired as the attending physician. (Docket Entry No. 121, ¶ 22.) Defendant also exaggerated the medical condition of patients and falsified activity forms to obtain increased payments. *Id.*, ¶ 18.

In sentencing her to 120 months' imprisonment, this Court downwardly varied significantly—by twenty years—below the applicable sentencing guidelines range in light of the nature and circumstances the offense and Defendant's history and characteristics. (Docket Entry No. 153, "Statement of Reasons," sealed.) In so doing, the Court considered Defendant's family and related situations, which were set out in the PSR and sentencing pleadings.

Further, Defendant fails to articulate her current plans if granted a compassionate release. She states in her motion that,

> [I have] a family that loves and cares for [me]. They are ready and willing to assist [me] with a successful reentry. If released [I] would be living with [my] husband and son at 12310 Winebrook Dr. Pearland, Texas 77584. [My] family fully supports [me] and is ready and willing to assist [me] with [my] transition to a successful reentry. See Exhibit F.

(Docket Entry No. 175, p. 32.) Exhibit F, however, is a collage of seven photocopied pictures of various unidentified individuals that provides no information as to the alleged willingness of family members to assist her in a successful reentry. Significantly, Defendant sets forth no current plans for gainful employment or financial stability beyond wanting to take care of her husband and son.

Regardless, Defendant has served less than one-third of the 120-month sentence imposed by this Court. Under section 3553(a), the Court must consider whether reducing Defendant's sentence to time served would "promote respect for the law, provide just punishment, [and] afford adequate deterrence." The Court is of the opinion that reducing Defendant's sentence by two-thirds would not promote respect for the law, provide just punishment, or afford adequate deterrence, particularly as the Court imposed a sentence already substantially below the sentencing guidelines.

Defendant emphasizes that she completed several prison continuing education classes during the brief time she has been in custody. Nevertheless, Defendant's BOP record as a whole is disquieting. Prison disciplinary records submitted by the Government show that

8

Defendant was found guilty of several disciplinary infractions from October 2019 through August 2021, including refusing to obey orders, giving/accepting money without authorization, possessing a non-hazardous tool, possessing an unauthorized item, and being in unauthorized areas. (Docket Entry No. 179-2, Exhibit B.) Prison records also reflect Defendant was provided certain BOP medical mobility items such as a leg compression garment, cane, walker, and medical shoes, but that she gave the medical shoes to her daughter during a prison visit. (Docket Entry No. 179-3, pp. 34, 103, 126.) She later asked BOP staff to replace the medical shoes, apparently expressing "remorse" for having given them away. *Id*., p. 32. Defendant's disciplinary infractions and actions demonstrates a continuing disregard for authority and the property rights of others.

Although Defendant's criminal conduct was "white collar crime" with no indicia of violence, she nevertheless led a pervasive eight-year long healthcare fraud and conspiracy undertaking that bilked the federal government, and thus American taxpayers, out of over $20.4 million dollars. Her current prison behavior shows a lack of rehabilitation. Sentencing and other factors in this case weigh strongly against a compassionate release.

*Family Factors*

Defendant reiterates her earlier argument that she is the only available caregiver for her husband and son. In support, she claims that her husband's Alzheimer's disease has progressed since the time of her first motion, and that he was recently diagnosed with cancer. However, absent in her motion are any details as to the current caregiving arrangements for

her husband and son, or any medical evidence that the husband's condition has deteriorated to where he can no longer provide care for himself and the son.

As in her first motion, Defendant fails to show that she is the "only available caregiver" for her husband and son. There is no requirement that the caregiver must be a family member, and Defendant proffers no evidence of any effort by the family to obtain care for her husband and son in a skilled nursing facility through federal or state agencies. Nor does she show that the family is unable to pay for outside caregiving.

The Court again notes that Defendant has an adult son and a daughter. Defendant's motion includes statements signed by the son and daughter, wherein they state they are in college in Indiana studying to be a physical therapist (the son) and in Dallas studying to be a registered nurse (the daughter). Both of the adults state that they are "unable" to assume care for their father and brother. (Docket Entry No. 175, Exhibit C.) The son states that "I have my own family and things here in Indiana that I have to take care of"; the daughter states that, "At my age I do not have the ability to take care of them." *Id.* According to Defendant, "neither [her adult son nor daughter] is up to the task, nor willing to care for [their father or brother]." (Docket Entry No. 175, pp. 8–9.) The Court is not persuaded by the apparent unwillingness and professed inability of these two adults to step in and help take care of their father and brother. Although members of the family would clearly prefer that Defendant be released from prison to provide any necessary caregiving, Defendant has not shown that she is "the only available caregiver" for her husband and son.

*Conclusion*

For the reasons set forth above, Defendant's second motion for compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 175) is DISMISSED WITHOUT PREJUDICE, subject to exhaustion as to Defendant's new claims for relief.

Signed at Houston, Texas, on December 31, 2021.

Gray H. Miller
Senior United States District Judge